IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-cv-2459 |
| | § | |
| PROCOLLECT, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S COMPLAINT**

ANDREW JONES ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., alleges the following against PROCOLLECT, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on Texas Statute, Financial Code, § 392.302 *et seq*. ("Texas Financial Code").

3. Count III of Plaintiff's Complaint alleges that Defendant negligently, knowingly and/or willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

**JURISDICTION and VENUE**

4. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Defendant conducts business and is located in the State of Texas thereby establishing personal jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

7. Plaintiff is a natural person residing in Grand Prairie, Dallas County, Texas.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3) and Texas Financial Code § 392.001(1).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Texas Financial Code § 392.001(2).

10. Defendant is a business entity with an office located at 12170 Abrams Rd., Ste. 100, Dallas, Texas 75243.

11. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Texas Financial Code § 392.001(6).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Prior to the filing of this action, an account was placed with Defendant to collect monies from Plaintiff which were alleged to be owed and past due ("debt").

14. The alleged debt arises from transactions associated with a storage unit that was used for personal, family and household purposes.

15. In its attempts to collect the alleged debt, Defendant started making telephone calls ("collection calls") to Plaintiff on his cellular telephone at telephone number (817) 503-32xx.

16. Defendant has been assigned multiple telephone numbers from its telephone

provider(s) which it uses to place collection calls including, but not limited to, 214-382-4871.

17. All of Defendant's collection calls to Plaintiff were placed using an automatic telephone dialing system or other equipment capable of storing or generating telephone numbers at random or sequential intervals to be dialed ("auto dialer").

18. Shortly after the calls began, Plaintiff spoke with one of Defendant's employees and instructed Defendant to stop calling him.

19. Plaintiff revoked any actual or implied authority to call his on his cellular telephone.

20. Plaintiff repeatedly instructed Defendant to stop calling his cellular telephone.

21. Despite Plaintiff's instructions, Defendant continued to use an auto dialer to place collection calls to Plaintiff on his cellular telephone.

22. Defendant's continued collection calls to Plaintiff's cellular telephone placed using an auto dialer include, but are not limited to:

    1)     3/13/2012 8:33 AM
    2)     3/13/2012 8:33 AM
    3)     3/28/2012 2:56 PM
    4)     4/10/2012 4:16 PM
    5)     6/18/2012 3:59 PM
    6)     7/6/2012 4:16 PM
    7)     7/18/2012 4:24 PM
    8)     7/25/2012 1:29 PM
    9)     7/31/2012 4:18 PM
   10)     8/7/2012 5:08 PM
   11)     8/16/2012 1:39 PM
   12)     9/13/2012 12:42 PM
   13)     9/17/2012 3:53 PM
   14)     8/15/2013 12:22 PM
   15)     8/22/2013 2:24 PM
   16)     8/26/2013 2:28 PM
   17)     9/18/2013 3:38 PM
   18)     9/24/2013 5:14 PM
   19)     10/3/2013 2:23 PM
   20)     10/11/2013 5:26 PM
   21)     10/31/2013 3:10 PM

| | | |
|---|---|---|
| 22) | 11/5/2013 | 3:12 PM |
| 23) | 11/13/2013 | 6:19 PM |
| 24) | 12/13/2013 | 11:42 AM |
| 25) | 12/23/2013 | 1:03 PM |
| 26) | 12/28/2013 | 1:53 PM |
| 27) | 1/9/2014 | 2:57 PM |
| 28) | 1/10/2014 | 2:49 PM |
| 29) | 1/22/2014 | 4:25 PM |
| 30) | 2/3/2014 | 5:33 PM |
| 31) | 2/5/2014 | 6:06 PM |
| 32) | 2/13/2014 | 3:41 PM |
| 33) | 2/18/2014 | 4:07 PM |
| 34) | 3/4/2014 | 7:11 PM |
| 35) | 3/5/2014 | 2:32 PM |
| 36) | 3/17/2014 | 1:57 PM |
| 37) | 3/19/2014 | 3:54 PM |
| 38) | 3/24/2014 | 2:14 PM |
| 39) | 3/31/2014 | 2:51 PM |
| 40) | 4/4/2014 | 11:54 AM |
| 41) | 4/7/2014 | 6:24 PM |
| 42) | 4/11/2014 | 12:31 PM |
| 43) | 4/14/2014 | 3:04 PM |
| 44) | 4/25/2014 | 12:23 PM |

23. Plaintiff is annoyed and feels harassed by Defendant's continued collection calls to his cellular telephone.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

24. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt;

   b. Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and/or harass Plaintiff.

WHEREFORE, Plaintiff, ANDREW JONES, respectfully requests judgment be entered against Defendant, PROCOLLECT, INC., INC., for the following:

25. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

27. Any other relief that this Honorable Court deems appropriate.

### COUNT II
### DEFENDANT VIOLATED
### THE TEXAS FINANCIAL CODE

28. Plaintiff repeats and re-alleges all of the above allegations herein.

29. Defendant violated Texas Financial Code based on, but not limited to, the following:

   a. Defendant violated § 392.302(4) of the Financial Code causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass Plaintiff.

WHEREFORE, Plaintiff, ANDREW JONES, respectfully requests judgment be entered against Defendant, PROCOLLECT, INC., INC., for the following:

30. Injunctive relief pursuant to Texas Financial Code § 392.403(a)(1), to prevent Defendant from further violating the Texas Financial Code;

31. Costs and reasonable attorneys' fees pursuant to Texas Financial Code § 392.403(b); and

32. Any other relief that this Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED
## THE TELEPHONE CONSUMER PROTECTION ACT

33. Plaintiff repeats and re-alleges all of the above allegations herein.

34. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ANDREW JONES, respectfully requests judgment be entered against Defendant, PROCOLLECT, INC., INC., for the following:

36. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

37. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

38. All court costs, witness fees and other fees incurred; and

39. Any other relief that this Honorable Court deems appropriate

RESPECTFULLY SUBMITTED,

Dated: July 8, 2014                    By:/s/ Ryan Lee
    Ryan Lee
    Krohn & Moss, Ltd.
    10474 Santa Monica Blvd., Suite 405
    Los Angeles, CA 90025
    Tel: 323-988-2400 x241
    Fax: 866-861-1390
    rlee@consumerlawcenter.com

    Adam T. Hill
    Krohn & Moss, Ltd.
    10 N. Dearborn St., 3rd Fl.
    Chicago, IL 60602
    Tel: 312-575-9428 x242
    Fax: 866-861-1390
    ahill@consumerlawcenter.com

    *Attorneys for Plaintiff*